In the Matter of LEONARD BRUNACINI, Respondent, v. STANLEY LOOMIS, as Supervisor of the Town of North Harmony, et al., Appellants.

Fourth Department, February 16, 1961.

*Tuby L. Scarpino* for appellants.

*Joseph Gerace* for respondent.

*Per Curiam.* In 1948 the Town of North Harmony, acting pursuant to article 9 of the Town Law, adopted an ordinance requiring those engaged in the junk business to be licensed. Section 137 of the Town Law sets forth procedures for the issuance of such licenses and certain standards for the guidance of the licensing official. Among such standards, it is provided

therein that the Town Clerk "may also refuse a license to any person who in his judgment shall be an undesirable person or incapable of properly conducting the trade or business desired." This provision was declared unconstitutional by Special Term in a proceeding to compel issuance of a license upon the ground that the phrase "undesirable person" is too "vague, uncertain, ambiguous and illusory to furnish any proper standard."

We do not agree with this conclusion. In *Matter of Barton Trucking Corp.* v. *O'Connell* (7 N Y 2d 299) the court considered an enactment for the licensing of public cartmen where there were no requirements except the general provision that licensees must be citizens. It was stated (p. 307) that with respect to licensing officials "the power to withhold a license for good cause, as well as the standards defining good cause, need not be *expressly* delegated where, by fair implication, in light of the statutory purpose, such power has been *implicitly* delegated." The court further stated (p. 312): "With reference to the standards by which the [licensing official] is to be guided, it would be ' difficult or impractical for the Legislature to lay down a definite, comprehensive rule ' by which he could determine an applicant's character and personal fitness " (citing authorities).

The provision in section 137 of the Town Law that a license may be denied an undesirable person or one incapable of properly conducting the business furnishes some guidance to the licensor. If, however, there is an implied delegation of power to withhold a license for good cause in the absence of any standards in the statute defining good cause the enactment may not be struck down because the standards expressly stated are vague. In other words if "fitness" may be passed upon by implication, vague or indefinite standards are better than none and in any event none is required.

We pass to a consideration of the determination denying the license. A finding having been made that petitioner was a person unfit to be granted a license "the scope of judicial inquiry is limited to the question of whether there is substantial evidence in the record to support [the] determination, or whether, on the other hand, [the] action is tantamount to an arbitrary or capricious abuse of discretion." (*Matter of Barton Trucking Corp.* v. *O'Connell, supra*, p. 313.)

The ordinance under consideration required, as a condition precedent to issuance of a license, that applicant have the written consent of every taxpayer within a radius of 500 yards of the proposed junk yard. In a petition in a prior article 78 proceeding (13 Misc 2d 884), applicant swore unequivocally

that he had endeavored to obtain such consents from those within 500 yards and had been refused. Upon the hearing before the licensing body now under review at least three witnesses testified that they were taxpayers living within 500 yards and neither applicant nor anyone on his behalf had sought their consents. Thereupon applicant was requested to testify on this subject and refused.

There is thus squarely presented the question as to whether the licensing body was justified in denying the application for a license upon its finding that applicant had made a false statement under oath in a prior court proceeding involving this license and in addition had refused to testify and offer any exculpatory proof with regard to the alleged perjurious statements. We conclude that there was substantial evidence to support the determination that petitioner was an unfit person to possess a license and the denial of the application was neither arbitrary nor capricious.

The order should be reversed and the petition dismissed.

Present — WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and HENRY, JJ.

Order unanimously reversed and petition dismissed, without costs of this appeal to any party.